PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN FORD, | ) | CASE NO. 4:26-CV-01097 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| SHANIA BURTON, *et al.*, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 7] |

## I. Introduction

Plaintiff Nathan Ford, incarcerated and proceeding *pro se*, sued correctional officer Defendant Shania Burton in her personal capacity and institutional inspector Defendant Felepa Lowery in her official capacity in 2026. He alleges violations of: (1) his First Amendment right to free speech; (2) his First Amendment right to freedom from retaliation; and (3) his Eighth Amendment right to freedom from excessive force—each under 42 U.S.C. § 1983.[1] Defendants moved to dismiss for failure to state a claim under Fed. R. Civ. 12(b)(6). Because Plaintiff failed to allege any plausible constitutional violation, the Motion to Dismiss (ECF No. 7) is granted.

---

[1] The First and Eighth Amendments of the U.S. Constitution are incorporated against the states through the Fourteenth Amendment.

## II. Background

### A. History

Plaintiff is incarcerated at the Trumbull Correctional Institution in Leavittsburg, Ohio. He alleges that on June 13, 2025, Defendant Burton used profane language towards him while he was walking out of the prison's cafeteria. ECF No. 1 at PageID #: 3. Plaintiff says he asked Defendant Burton not to use profanity towards him. Then, in the hallway, she allegedly restrained, "hip-checked," and shoved Plaintiff with her free arm. Plaintiff admits the impact of her actions was "negligible." ECF No. 1 at PageID #: 4. He also says he was not put into segregated housing after the incident, despite Defendant Burton's supposed threat to do just that. ECF No. 1 at PageID : 5. Defendant Burton subsequently filed a conduct report listing Plaintiff's disciplinary violations. ECF. No. 1 at Page ID #: 11. In June 2025, he filed a formal grievance against her. ECF. No. 1 at Page ID #: 12. Defendant Lowery reviewed the grievance, responded to it, and closed the investigation. ECF No. 1 at PageID ##: 13–14. The following year, Plaintiff sued Defendants Burton and Lowery in federal court. His Complaint has four claims: three against Defendant Burton and one against Defendant Lowery. ECF No. 1 at PageID #: 7. Both Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6). ECF No. 7. The motion is fully briefed and ripe for resolution. ECF Nos. 10, 11.

## III. Law

Civil cases begin with complaints. *See* Fed. R. Civ. P. 3. Complaints must clearly and concisely explain why the plaintiff deserves relief. *See* Fed. R. Civ. P. 8(a)(2). The standard is plausibility, which demands more than possibility but less than probability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). Plausibility requires specific facts linking the defendant to the allegedly unlawful conduct. *See id.* Conclusions,

speculations, and "naked assertions" are not specific facts. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In response to an anemic pleading, a defendant can move to dismiss for failure to state a claim under Rule 12(b)(6). Once briefed, district courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Washington v. First Nat'l Bank of Pennsylvania*, 179 F.4th 1008, 1011 (6th Cir. 2026) (quoting *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016)). They then determine whether the complaint "raise[s] a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A few caveats are relevant. First, only "well-pleaded" allegations are presumed true. *Iqbal*, 556 U.S. at 679. Courts ignore legal conclusions disguised as factual allegations. See *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555). Second, courts are generally limited to reviewing the "four corners" of the complaint. *Blackwell v. Nocerini*, 123 F.4th 479, 486 (6th Cir. 2024). Courts can, however, consider some exhibits, public records, and pleading attachments. *See Hodges v. City of Grand Rapids*, 139 F.4th 495, 510 (6th Cir. 2025). Third, because resolving a motion to dismiss is more art than science, it requires equal parts common sense and judicial experience. *See Iqbal*, 556 U.S. at 679. "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly*, 550 U.S. at 556 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## IV. Discussion

### A. Claim I

In Claim I, Plaintiff alleges under 42 U.S.C. § 1983 that Defendants Burton and Lowery, "act[ing] under the color of the state or local law violated his constitutional right to be

free from excessive force in violation of the Cruel and Unusual Punishment Clause of the United States Constitution." Specifically, Plaintiff alleges that Defendant Burton "violently thrust[ed] her free arm and lower body into [his] body" in what he calls a "hip -check." ECF. No. 1 at PageID #: 4. To state a claim under 42 U.S.C. § 1983, Plaintiff must plausibly allege (1) the deprivation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Trumbull Correctional Institution is a state-owned and operated prison and is bound by the Eighth Amendment as incorporated against Ohio *via* the Fourteenth Amendment.

Eighth Amendment excessive force claims turn on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).[2] Not every "malevolent touch" by a prison official is a constitutional violation. The Eighth Amendment excludes *de minimis* uses of physical force, provided they are not "repugnant to the conscience of mankind." *Id.* at 9–10. "An inmate who complains of a push or shove that causes no discernible injury[,]" for example, "almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). To survive dismissal, Plaintiff must plausibly allege that Defendant Burton's conduct was a malicious and sadistic use of force.

When accepting Plaintiff's allegations as true, he describes a textbook *de minimis* use of force that the Eighth Amendment does not reach. Although he alleges that Defendant Burton "hip check[ed]" and shoved him, he admits the "impact was negligible." ECF No. 1 at PageID #: 4. His Complaint contains no other allegations that the force was used to cause

---

[2] Claim I falls under the Eighth Amendment because Plaintiff is a post-conviction inmate.

harm, rather than for a valid penological purpose (*e.g.*, enforcing prison discipline). Consequently, Claim I fails to state a claim upon which relief can be granted. The motion to dismiss Claim I is granted.

**B. Claim II**

In Claim II, Plaintiff alleges under 42 U.S.C. § 1983 that Defendant Burton deprived him of his First Amendment right to free speech while acting under color of state law. Prisoners retain First Amendment rights if those rights are not inconsistent with their status as prisoners or with the legitimate penological objectives. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Here, Plaintiff alleges that when he objected to Defendant Burton's use of profanity, she threatened to place him in segregated housing. ECF No. 1 at PageID #: 3; U.S. Const. amend. I. Construed liberally, Claim II can be taken as a First Amendment retaliation claim (*i.e.*, an adverse action allegedly taken in response to protected conduct, rather than a direct restriction on speech). To plead a retaliation claim, however, a plaintiff must plausibly allege that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection exists between the protected conduct and the adverse action. *Beal v. Vanalstine*, No. 24-1224, 2024 WL 5482662, at *2 (6th Cir. Nov. 20, 2024) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

Claim II fails on the first element. Prison officials retain authority to regulate how prisoners communicate with staff, and a verbal objection to an officer's language— untethered from the formal grievance process—does not impose on a constitutional right. *See* *Pell*, 417 U.S. at 822. While Plaintiff perceived the communication as "overly aggressive," and "displaying callousness," disciplinary warnings are consistent with maintaining order in

penological environments. ECF No. 1 at PageID #: 4. Even if Plaintiff's objection *were* protected, Claim II still fails on the second element: he does not allege that he was placed in segregated housing, only that Defendant Burton threatened to place him there. A verbal threat unaccompanied by any action does not amount to retaliatory "adverse action." *See Thaddeus-X*, 175 F.3d at 396. An unrealized threat, without more, is insufficient to state a retaliation claim under the First Amendment.

In the same pleading, Plaintiff alleges that Defendant Lowery violated his Eighth Amendment right to freedom from deliberate indifference. Prison officials are deliberately indifferent when they fail to take reasonable measures to guarantee inmate safety. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Here, Plaintiff makes no plausible allegations that Defendant Lowery failed to take any measures to guarantee Plaintiff's safety. And Plaintiff admits (in his response) that he considers his deliberate indifference claim forfeited. ECF No. 10 at PageID ##: 109–110. Nevertheless, he attempts to re-plead a negligence claim under Ohio law. ECF No. 10 at PageID #: 110. An additional claim raised for the first time in response to a dispositive motion does not warrant the Court's consideration.

The motion to dismiss Claim II is granted.

**C. Claim III**

In Claim III, Plaintiff alleges under 42 U.S.C. § 1983 that Defendants Burton and Lowery violated his Fourteenth Amendment right to equal protection. The Equal Protection Clause prohibits the states from denying those within their jurisdiction of equal protection under the law. U.S. Const. amend. XIV. To state an equal protection claim, a plaintiff must plausibly plead that: (1) the government treated them disparately compared to similarly situated persons and (2) that such disparate treatment either burdens a fundamental right, targets a

suspect class, or has no rational basis. *Andrews v. City of Mentor, Ohio*, 11 F.4th 462, 473 (6th Cir. 2021). Here, Plaintiff offers no plausible allegations that an equal protection violation occurred. Consequently, the motion to dismiss Claim III is granted.

## V. Conclusion

Defendants Motion to Dismiss (ECF No. 7) for failure to state a claim under Rule 12(b)(6) is granted on all claims. This case is dismissed with prejudice. A separate entry of judgment shall issue.

IT IS SO ORDERED.

| | |
|---|---|
| August 31, 2026 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |